FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2018 FEB 27 PM 3: 56

M. REGINA THOMAS
CLERK
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NUMBER: 17-72318-JRS |
| ROBERT PAUL SPARRA, JR., and KELLY ELIZABETH SPARRA, | CHAPTER 7 |
| | JUDGE SACCA |
| Debtor(s). | |

### DEBTOR'S VERIFIED MOTION FOR SANCTIONS
### FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

COME NOW, Debtor's ROBERT PAUL SPARRA, JR. and KELLY ELIZABETH SPARRA, Pro-Se, and file their Motion for Sanctions For Willful Violation of the Automatic Stay, and in support thereof states:

#### BACKGROUND

1. Debtor's filed this Chapter 13 Petition on December 29, 2017.

2. On January 2, 2018, Debtor's notified Rubin Lubin LLC, counsel for Select Portfolio Servicing, Inc., as Servicer for Deutsche Bank National Trust Company, as Trustee, on behalf of the Holder of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through Certificates, Series 2002-3 (hereinafter referred to as "Creditor"), via fax, that it had filed a Chapter 13 Bankruptcy. See Exhibit "A".

3. As a result of the filing of the Chapter 13, the automatic stay was in effect.

4. On January 2, 2018, this Court entered an Order and Notice of Hearing to Show Cause on January 2, 2018, why this cause should not be dismissed, any automatic stay declared a nullity and why any dismissal of this case should not include a prohibition against filing any further bankruptcy cases for a period of up to two years. See BK Docket No. 4.

1

5.    Despite the Chapter 13 filing, the automatic stay in place and Creditor being placed on notice thereof, upon information and belief, and reliance thereon, Creditor sold Debtors residential property properly identified in their voluntary petition filing.

6.    According to the Orders entered and referenced on Docket No. 23 and 30, the automatic was in effect on December 29, 2017 and is still in effect as of the filing of this motion.

7.    As a result of the automatic stay remaining effective from December 29, 2017 until the present, the sale of Debtors home by Creditor was in violation of the automatic stay which has severely damaged the Debtors.

8.    Debtors have tried very hard to complete a successful bankruptcy and for a number for unforeseen reasons, have been unsuccessful until this point. Creditor has been aware and involved in every step of the bankruptcy process, in all cases, and knew at all times, Debtors were attempting to resolve the debt with the help of the bankruptcy court.

9.    Creditors violation of the automatic stay has caused Debtors to become extremely depressed and who now suffer from extreme emotional anxiety and mental stress because they have now lost their property.

## LEGAL ARGUMENT AND MEMORANDUM OF LAW

10.    The filing of the Chapter 13 bankruptcy triggered an automatic stay under 11 U.S.C. § 362(a)(2)(3) and (4).

11.    Code § 362(a)(2)(3) and (4) imposes the automatic stay and operates as a stay, applicable to all entities, of . . . "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over

property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate.

12. The sale of Debtors property is an action to collect a debt by Creditor through enforcement of the Deed of Trust/Mortgage and is subject to the automatic stay unless an exception applies.

13. The Code further provides that ". . . an individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Code § 362(k)(1) (emphasis added). A stay violation is willful if a creditor knew of the stay and took a deliberate action that violated the stay. *In re Davis*, 201 B.R. 835, 837 (Bankr. S.D. Ala. 1996). No specific intent is required, and a good-faith belief that the stay does not apply is no defense. *In re Caffey*, 384 B.R. 297, 304 (Bankr. S.D. Ala. 2008), *subsequently aff'd*, 384 Fed. Appx. 882 (11th Cir. 2010).

14. Emotional distress damages are appropriate for a stay violation if the emotional harm's connection to the stay violation is "clearly established" or "readily apparent." *Id.* at 309 (quoting *In re Bishop*, 296 B.R. 890, 897 (Bankr. S.D. Ga. 2003)).

WHEREFORE, Debtor's ROBERT P. SPARRA and KELLY E. SPARRA, humbly and respectfully request this Honorable Court find the Creditor - Select Portfolio Servicing, Inc., as Servicer for Deutsche Bank National Trust Company, as Trustee, on behalf of the Holder of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through Certificates, Series 2002-3, has violated the automatic stay, award damages in favor of Debtors, and any other relief this Court deems just and proper.

3

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

_____        _____
ROBERT P. SPARRA                                            KELLY E. SPARRA

## CERTIFICATE OF SERVICE

We, the undersigned, hereby certify under penalty of perjury that we are, and at all times hereinafter mentioned, was more than 18 years of age, and that on February 22, 2018, served a copy of this **VERIFIED MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**, via First Class Mail, upon **M. Denise Dotson, Trustee, P.O. Box 435, Avondale Estates, GA 30003**, and which was also filed with the Clerk of the Court, in this Bankruptcy matter, on February 22, 2018.

_____        _____
ROBERT P. SPARRA                                            KELLY E. SPARRA
Debtor, *Pro-Se*                                                  Debtor, *Pro-Se*
3606 Inman Drive                                              3606 Inman Drive
Brookhaven, GA 30319                                      Brookhaven, GA 30319
Tel: (404) 496-3994                                            Tel: (404) 496-3994