IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF: | |
| NAME: | CHAPTER 7 |
| ROBERT PAUL SPARRA, JR, and KELLY ELIZABETH SPARRA, | NO. 17-72318-JRS |
| Debtor(s). | |
| ROBERT PAUL SPARRA, JR, and KELLY ELIZABETH SPARRA, | |
| Movants, | |
| | ADVERSARY |
| vs. | CASE NO:_____ |
| SELECT PORTFOLIO SERVICING, INC AS SERVICER FOR DEUTSCH BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE THORNBURG MORTGAGE SECURITIES TRUST 2002-3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-3 | |
| VICTOR WARREN PROPERTIES LLC | |
| Defendants. | |

## PLAINTIFFS' COMPLAINT

### PARTIES

1.

The Plaintiffs, Robert and Kelly Sparra, are resident citizens at 3606 Inman Drive, Atlanta, , DeKalb County, Georgia 30319. They were married in 1994 and purchased this

property in 1999 and have lived in this property as husband and wife since that time.

2.

The Defendants,. are upon information and belief, a foreign corporations doing business in the State of Georgia, represented by Rubin Lublin, LLC, a law firm located at 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia 30071.

3.

On or about June 26, 2002, Robert P. Sparra, Jr. refinanced the property and executed an Adjustable Rate Note and a Security Deed on behalf of Thornburg Home Loans, Inc. Sometimes thereafter the Note and Security Deed became property of a trust known as National Trust Company, As Trustee, on Behalf of the Holders of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through certificates, Series 2002-3. Select Portfolio Servicing, Inc. is the servicer of the loan for Deutsch Bank National Trust Company, as Trustee.

## FACTS OF CASE

4.

Robert Sparra, Jr. filed a Chapter 13 case pro se as a single filer on April 28, 2017 but dismissed on May 17, 2007 for failure to pay filing fees.

Another filing by Robert Sparra, Jr. and Kelly Sparra occurred on September 29, 2017 but subsequently dismissed because Robert Sparra, Jr. had filed this case within the 180 day time frame. At the occurrence of this dismissal, pro se, Robert Sparra Jr., went to the Bankruptcy Court Clerks office and inquired as to his options. He was informed, that he would have to re-file a new case. However, this advice was inappropriate from an employee of the court, and unknown to Mr. Sparra he did have another choice and that

Bob Phillips Law

was to file a motion to reconsider. This bad advice from the clerks office caused Mr. Sparra to re-file another case that left him without the automatic stay protection.

On December 29, 2017, this time joined by this wife, Debtors Robert Sparra, Jr. and Kelly Sparra again filed, pro se, as a joint Chapter 13 Petition.

On January 2, 2018 an Order was issued by this court for debtors to show cause why the case should not be dismissed and any stay declared a nullity.

January 2, 2018 Debtor, Robert Sparra, Jr. property was foreclosed by the Security Deed and the Adjustable Rate Note. Kelly Elizabeth Sparra was not a guarantor on th Adjustable Rate Note, nor was she a party to the Security Deed. Furthermore, she did not receive the required 30 day notice of foreclosure

On January 24, 2018 court ordered Debtors to convert this case to a chapter 7 no later than January 31, 2018 and then onJanuary 31, 2018 Mr. Sparra filed his first request to convert the case from a chapter 13 to chapter7.

February 2, 2018 by order of the court, case converted to Chapter 7.

## JURISDICTION

5.

Jurisdiction is conferred upon this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

6.

This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code.

7.

Bob Phillips Law

This Court has supplemental jurisdiction to hear, if any arise, all state law claims pursuant to Section

1367 of Title 28 of the United States Code.

8.

This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

9.

The underlying action is based upon the denial of Kelly Elizabeth Sparra her property rights under the "Possessory Interest" of the Sparra property. Although Kelly Sparra was not a guarantor on the Adjustable Rate Note or a party to the Security Deed contract, she still had possessory rights to the property, devisable under Georgia Law.

10.

Kelly Sparra was never served with Notice of a Foreclosure, nor was an order for lifting the stay as to her property interest.

## VENUE

11.

Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code whereby the real property is situated here, and post Bankruptcy petition communications notifying plaintiffs of foreclosure.

## STATEMENT OF FACTS

12.

Bob Phillips Law

Robert P. Sparra Jr., and Kelly Elizabeth Sparra were married in 1994 and remain married as to this date. While married Robert Sparra, Jr. bought the subject property in 1999 and the parties with their twin sons have lived in this property since that date.

13.

Defendants Thornburg Mortgage Home Loans made a refinance loan to Robert P. Sparra, Jr. on June 26, 2002. The mortgage note and Security Deed were executed solely by Robert Sparra, Jr. Kelly Sparra, WIFE, was not a guarantor on the note nor assignor on the Security Deed.

14.

During the years of 2016 and 2017, Robert Sparra, Jr. began having job issues and had inconsistent employment and income. In addition, Mr. Sparra, had a near fatal accident and lost complete sight in his left eye, and at the same time lost his job. Because of these numerous financial and medical mishaps in his life, he struggled to keep his home and protect his family.

15.

Robert P. Sparra, Jr. made erratic loan payments but in 2017 suffered job loss and an accident that left him blind in his left eye. Robert P. Sparra, Jr., *pro se* filed a chapter 13 (case 17-57760) on April 28, 2017 but the case was then dismissed for failure to pay filing fee.

16.

Then again on September 29, 2017, Robert P. Sparra, Jr. and his wife, Kelly E. Sparra, filed another Chapter 13, *pro se* . This being Kelly Sparra first bankruptcy case. But this case was dismissed for filing another Chapter 13 case within (180) days,

17.

This instant case, 17-72318, again filed *pro se,* by Robert Sparra and Kelly Sparra was filed on December 29, 2017 in an effort to stay a foreclosure scheduled on January 2, 2018. A Notice of bankruptcy filing was faxed to Rubin Lublin, LLC, the foreclosing firm on January 2, 2018, at 9:54 am. (See Attached Exhibit 1).

18.

In an Order (Doc 23) to Show Cause, on January 23, 2018, several days after the foreclosure of January 2, 2018, the court ruled at this hearing that Debtor "shall have until January 31, 2018 to convert this case to Chapter 7 or this Court will enter an order dismissing this case, annulling any stay that may have gone into effect, and prohibiting the Debtors from filing any further bankruptcy case under any chapter for 180 days from entry of that order."

On January 31, 2018, Debtors filed their "Debtors Notice of Conversion of Bankruptcy Case from Chapter 13 to Chapter 7". That request was granted on February 1, 2018.

19.

An Order, (Doc 30), was entered on February 2, 2018, "ORDERED that this case is converted to Chapter 7. That order states, "To the extent the automatic stay would have gone into effect had this case been filed as a Chapter 7 case then the stay will remain in effect subject to the rights of any party in interest to move to modify or annul the stay."

20.

The significant fact is that the automatic stay, by virtue of Kelly Sparra, having possessory interest was not lifted prior to the foreclosure of January 2, 2018.

There was never Motion to Lift the automatic stay prior to foreclosure, on Kelly Sparras' possessory interest in the marital property. The foreclosure sale was not halted and the property sold to Victor Warner Properties, LLC. An Order on a Motion to Lift the Stay, was ordered on

May 10, 2018 for the purpose of a dispossessory action against Robert Sparra, Jr.

21.

The foreclosure sale that took place on January 2, 2018, was executed on the Security Deed of June 26, 2002, only assignor Robert P. Sparra, Jr.  Kelly Elizabeth Sparra was not a party to the Security Deed nor an assignor.

22.

On February 27, 2018, Debtors, pro se filed their Motion for Sanctions for Violation of the Automatic Stay.  A hearing was scheduled for March 27, 2018.  A Motion for Continuance (Doc 43) was filed by debtors and an Order granting that continuance (Doc 44) "**will not be held**" but that hearing will be reset upon Debtors' request"

23.

An order (Doc 47) dismissing Chapter 7 case for failure to appear at Meeting of Creditors. The case was dismissed and on April 4, 2018, a Motion to Reconsider Dismissal (Doc 50), and an Order Vacating that Dismissal was entered on April 11, 2018 (Doc 51).

24.

On May 11, 2018, the debtors, Robert and Kelly Sparra retained Bob Phillips, Attorney, as legal counsel in their Bankruptcy case.

25.

On May 30, 2018, Counsel for Debtors, filed an Amended Motion for Sanctions (Doc 67).  That Motion and filings were withdrawn on June 3, 2018, Doc 72 and 73).

26.

A Dispossessory action was filed by counsel for Victor Warren Properties, LLC in the

Magistrate Court DeKalb County on April 4, 2018 and a subsequent order by this court on May 10, 2018 upheld their Motion to Lift the Automatic stay, but at the same time, extended any dispossessory action until June 15, 2018.

## COUNT ONE
## VIOLATION OF FORECLOSURE NOTICE TO KELLY ELIZABETH SPARRA

27.

The plaintiffs reallege all prior paragraphs as if set out here in full.

28.

There was never a Notice of Foreclosure advertised, in the name of Kelly Sparra, as required by Georgia Law. O.C.G.A. §44-14-162.

## COUNT TWO
## WRONGFUL FORECLOSURE AS AGAINST KELLY ELIZABETH SPARRA

29.

The plaintiffs reallege all prior paragraphs as if set out here in full.

30.

The joint debtor chapter 13 case, Robert P. Sparra, Jr. and Kelly Elizabeth Sparra, case # 17-72318 filed on December 29, 2017, provided automatic stay protection to Kelly Sparra as of the date of filing. Because of numerous filings, Mr. Sparra, it has been argued, eligible for the automatic stay protection, but Kelly Sparra was eligible for automatic stay protection. Debtors notified Defendants of the filing of the bankruptcy case by way of fax letter, January 2, 2018, at 9:54 am., the day of foreclosure. (Exhibit 1).

31..

Defendants initiated a foreclosure proceeding against the plaintiffs (Sparra) on January 2,

Bob Phillips Law

2018 in violation of the automatic stay that applied to Kelly Sparra as the holder of a possessory interest in the property. *In Re Patricia Porterfield, US. Bankruptcy Court, District of New Jersey, case 17-10890, July 24, 2017.* See also. <u>Tisha L. Cox v. Robin Russler-Klein and Bruce N. Klien, 13-70818-WLH, U.S. Bankruptcy Court Northern District of Georgia, April 16, 2015</u>

32.

Kelly Sparra although not a signer of the Adjustable Rate Note, nor a signer of the Security Deed, nevertheless had a possessory interest in the property that was property of the bankruptcy estate. The Sparras purchased this property in 1999 and had lived there as husband and wife since then and had a divisible marital interest in this property. <u>Tisha L. Cox v. Robin Russler-Klein and Bruce N. Klien, 13-70818-WLH, U.S. Bankruptcy Court Northern District of Georgia, April 16, 2015. In re 48th St. Steakhouse, Inc. 835 F2d 427 430(2d Cir. 1987).</u> also <u>In re Convenient Food Mart No.144, Inc., 968 F2d 592,594 (6th Cir. 1992); In re Atl" Bus.& Cmty.Corp,901F2d 325,328(3d Cir.1990); In re Blaylock, 301 B.R. 443, 445 (Bankr. E.D. Pa.2003).</u>

In the Tisha L. Cox case, the court goes further to say "Section 362(a)(3) prohibits a party from taking "any act to obtain possession. . . . . . .of property from the estate. Furthermore, <u>In re Kennedy, 39 B.R. 995,997 (C.D. Cal. 1984)</u> says *"mere possessory interest triggered the automatic stay and any actions with respect to the property at issue would constitute actions to take property from the estate."*

<u>In Re Patricia Porterfield, 17-10890, Bnkr. N.J. (July 24, 2017).</u> In this case, The couple married after Mr. Porterfield had purchased the home, but lived there as husband and wife. The court in this case concluded that a non-owner, not titled, that New Jersey law provided Patricia Porterfied with a possessory interest in her home for purposes of equitable distribution. The

Bob Phillips Law

court went on to find that these interest are sufficient to qualify as property of the bankruptcy estate under 541(a) and protected by the automatic stay pursuant to section 362(a).

The court further states, "In denying the mortagee's motion for relief, the court held that the statutory right of joint possession is a form of property interest in the marital residence and therefore the debtor's home was property of the estate pursuant to section 541(a) of the Bankruptcy code and subject to inclusion in the Chapter 13 plan."

As property of the estate, then Kelly Sparras' possessory interest in their marital property should have been subject to the protection of the automatic stay when the case was filed on December 29,2017. It was not and a wrongful foreclosure occurred against her possessory interest in violation of the automatic stay and therefore void.

The initiation of the foreclosure proceeding by the defendants was wrongful depending on proof adduced at trial. Defendants were aware of the filing of the Chapter 13 on December 29, 2017 because they received by fax notice of the bankruptcy filing at 9:54 am, on January 2, 2018, but ignored the notice and proceeded to go forward with the foreclosure even though Kelly Sparra was included as a debtor in that Chapter 13 case and had a protected possessory interest in the property which should have triggered the automatic stay as to her interest.

33.

As a result thereof, the defendants are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

34.

The plaintiffs claim from this defendant all damages to which they are entitled under law including actual damages, statutory damages, punitive damages, attorneys fees and

Bob Phillips Law

costs.

## ARGUMENT

### 35.

There is no question as to the fact that the protection of the automatic stay extended to Kelly Sparra upon the filing of case 17-72318, on December 29, 2017 .and is still in effect and will remain in effect until June 15, 2018.

On January 31, 2018 the Debtors filed a request to convert the case to a Chapter 7 and the court, in an order, which as issued on February 18, 2018 did in fact convert the case to a chapter 7. Furthermore, the court stated. . . . . . . in pertinent part, the following important language . . . . . . . "to the extent the automatic stay would have gone into effect had this case been filed as a chapter 7 case the stay will remain in effect subject to the rights of party in interest to move to, to modify, or to annul the stay. . . . . . ".  Clearly, the stay remained in effect as if the debtors had file a chapter 7 initially, which would be December 29, 2017.  Therefore, it cannot be argued by Respondents or by any party the January 2, 2018 foreclosure of 3606 Inman Dr, Atlanta, GA 30319 was proper.

While the court order of May 10, 2018 granted the motion of Victor Warren Properties, LLC, relief from the stay, the relief as stated by the court order of May 10, 2018 cannot go into effect until June 15, 2018, pursuant to FRBP 4001(a)(3).  As a result, the automatic stay as of that date is still in effect, and any adversary action is not moot.  Any attempt by Respondents to claim or contend the automatic stay on this date is still not in effect flies in the face of the two orders of this court as well as common sense.

While the Respondents can make any argument against they desire as to their position, there is one important fact that appears to be clear and should be grounds for this court to grant

an injunction against any dispossessory action taking place before the court has considered this action. That clear fact is that when this foreclosure occurred on January 2, 2018, the debtors, and certainly Kelly Elizabeth Sparra was subject to the protection of the automatic stay and the foreclosure was therefore void.

## COUNT THREE
## SLANDER OF TITLE

36.

The plaintiffs reallege all prior paragraphs as if set out here in full.

37.

The defendants to this action have undertaken a foreclosure against the plaintiffs' property and have caused a cloud to be placed on the title of the property of the plaintiffs.

38.

The actions of the defendants in this case were illegal, improper, and in violation of law.

39.

As an approximate result of the cloud placed on the title of the property of the plaintiffs, the plaintiffs have been injured and damaged.

40.

## DAMAGES

41.

The plaintiffs reallege all prior paragraphs as if set out here in full.

42.

As a proximate result of these actions, the plaintiffs have suffered injuries and damages including mental anguish, embarrassment, humiliation, stress, worry, anxiety, fear of losing their home, and monetary injuries.

43.

The defendants are liable for all natural, proximate, and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

44.

The plaintiffs claim all damages allowable under the law for the wrongful actions of the defendants in foreclosing upon their property.

### PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO BANKRUPTCY RULE OF PROCEDURE 7065 AND F.R.C.P. 65

45.

The plaintiffs adopt and reallege all prior paragraphs as if set out here in full.

46.

A Temporary Restraining Order is an equitable remedy that the Bankruptcy Court has the power and authority to grant.

47.

The purpose of a Temporary Restraining Order (hereinafter TRO) is to preserve the status quo ante until a final determination has been made on the merits.

48.

A TRO may be granted without notice if it clearly appears from specific facts shown by a verified pleading or affidavit that immediate and irreparable harm will result before the adverse party or his attorney can be heard in opposition is notified.

49.

Without the issuance of a TRO, there is a substantial probability that plaintiffs will suffer immediate and irreparable harm, losing their right and opportunity to maintain their real property.

50.

Unless a TRO is entered in the present case, the plaintiffs will be deprived of their property without the Bankruptcy Court having an opportunity to review or rule upon the substantive allegations of the complaint.

51.

The plaintiffs allege that immediate and irreparable harm will result if the defendants are allowed to complete the foreclosure.

52.

The plaintiffs aver that the legal remedy available is inadequate to prevent the dispossessory without hearing the merits of this adversarial complaint and the intervention of the Court.

53.

The plaintiffs aver that a property right exists in their home through the possessory rights of Kelly Sparra.

54.

The plaintiffs show unto the Court that enforcement is feasible as the Court has jurisdiction of this matter and has in personam jurisdiction over the parties.

55.

The plaintiffs further allege that the hardships are balanced in this matter and that the defendants have no meritorious defense to the best of the plaintiffs' knowledge and

belief.

56.

The plaintiffs pray that pursuant to Bankruptcy Rule of Procedure 7065 and Federal Rule of Civil Procedure 65, this Court will issue an ex parte TRO until such time as this Court may take up this matter. The plaintiffs further pray that this Court would grant the relief requested and issue a Temporary Restraining Order enjoining the dispossessory action beyond June 15, 2018 until this matter is tried and until such time as the bona fides of the plaintiffs' complaint can be heard before the Court after the taking of evidence.

**WHEREFORE,** the plaintiffs having set forth their claims for relief against the defendants respectfully pray of the Court as follows:

A. For this Court to order the foreclosure sale of January 2, 2018 null and void and for title to the property returned to its presale position;

B. For the automatic stay to continue for a reasonable time so that Debtors can re-convert their case to a Chapter 13 and file a workable plan;

C. For an award of attorney fees for having to defend this action;

D. That the plaintiffs have and recover against the defendants a sum to be determined by the Court in the form of actual damages;

E. An award of compensatory damages to be determined by the Court;

F. An award of punitive damages, if appropriate, in an amount to be determined by the Court;

G. Any other relief to which the plaintiffs might be entitled to do equity and to provide complete relief in the case.

Dated this 8th day of June 2018

Bob Phillips Law

/s/ Bob Phillips
Bob Phillips
Attorney for Debtors
GA Bar No. 576702

327 Dahlonega St., Suite 604A
Cumming, GA  30040
770-205-1922
bphillips@bobphillipslaw.com

## CERTIFICATE OF SERVICE

I, Bob Phillips, certify that on June 8, 2018, I caused a copy of the Adversary Complaint to be filed in this proceeding by electronic means and to be served by depositing a copy of the same in the United States Mail in a properly addressed envelop with adequate postage thereon to the said parties as follows:

Denise Dotson, Trustee
P.O. Box 435
Avondale Estates, GA  30003

Bret J. Chaness, Esq.
Rubin Lublin LLC
3145 Avalon Ridge Place
Peachtree Corners, GA  30071

David Whitridge, Esq.
Thompson, O'Brien, Kemp, & Nasuti, PC
40 Technology Parkway South, Suite 300
Peachtree Corners, GA  30092

Dated:  June 7, 2018

/s/ Bob Phillips
Bob Phillips
Attorney for Debtors
GA Bar No. 576702

327 Dahlonega St., Suite 604A
Cumming, GA 30040
770-205-1922
bphillips@bobphillipslaw.com

Bob Phillips Law

EXHIBIT 1

**TRANSMISSION VERIFICATION REPORT**

```
TIME   : 01/02/2018 09:54
NAME   :
FAX    : 17702340445
TEL    :
SER.#  : U63274H4J761268
```

```
DATE,TIME         01/02 09:52
FAX NO./NAME      4049219003
DURATION          00:01:14
PAGE(S)           03
RESULT            OK
MODE              STANDARD
```

# FAX

## URGENT

TO: Rubin, Lubin LLC

FROM: ROBERT P SPARRA
KELLY ELIZABETH SPARRA

FAX: 704-921-9003

FAX:

PHONE:

PHONE: 404.496.3994

SUBJECT: CASE # : 17-72318

DATE: JAN 01, 2018

COMMENTS: RE Property Address 3606 Inman Drive

URGENT

ROBERT P SPARRA

CASE # 17-72318

Deutsche Bank National Bank Trust Company
As Trustee of Thornburg Mortgage Securities
Trust 2002-2003 Mortgage Pass through Certificates,
Series 2002-3
vs.

Robert P Sparra, et al.

    Defendant(s).

_____/

## SUGGESTION OF BANKRUPTCY

Robert P Sparra, a Defendant in this action, has filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 17-72318 filed in the Northern District of Georgia (Atlanta Division) on Friday, _____. As such, all actions in state court are stayed and any actions taken by the state court in contravention of the automatic stay are void.

                                                            Robert P Sparra

## CERTIFICATE OF SERVICE

I HEARBY CERTIFY that a true and correct copy of the foregoing has been e-filed with the Clerk of Court Volusia County and sent via E-Mail to: Rubin Lubin, LLC, 3145 Avalon Ridge Place, Peachtree Curners, Ga. 30071

United States Bankruptcy Court
Northern District of Georgia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 12/29/2017 at 4:28 PM and filed on 12/29/2017.

**Robert Paul Sparra, Jr.**
3606 Inman Drive
Atlanta, GA 30319
SSN / ITIN: xxx-xx-8493

**Kelly Elizabeth Sparra**
3606 Inman Drive
Atlanta, GA 30319
SSN / ITIN: xxx-xx-1216



The case was assigned case number 17-72318-.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office, 1340 United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

M. Regina Thomas
Clerk, U.S. Bankruptcy Court