UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 17-72318-jrs |
| | ) | |
| ROBERT PAUL SPARRA, JR. | ) | |
| KELLY ELIZABETH SPARRA, | ) | CHAPTER 7 |
| Debtors. | ) | |
| | ) | HONORABLE JAMES R. SACCA |
| VICTOR WARREN PROPERTIES, INC., | ) | |
| Movant, | ) | |
| vs. | ) | |
| | ) | |
| ROBERT PAUL SPARRA, JR. | ) | |
| KELLY ELIZABETH SPARRA, | ) | |
| Respondents, | ) | |
| | ) | |
| M. DENISE DOTSON, | ) | |
| Trustee. | ) | |

## MOTION TO EXPEDITE HEARING

**NOW COMES** VICTOR WARREN PROPERTIES, INC ("Movant"), a creditor and states:

1.

The Debtor filed for chapter 13 relief of the United States Bankruptcy Code on December 29, 2017. The bankruptcy case was converted to a chapter 7 case on February 1, 2018.

2.

Movant is the owner of certain real property known as 3606 Inman Drive, Atlanta, Georgia 30319 ("Property") pursuant to a foreclosure sale held on January 2, 2018. A copy of the Deed Under Power is attached hereto as Exhibit "A".

3.

On March 29, 2018 the bankruptcy case was dismissed (Docket No. 47) and Movant commenced a dispossessory action in the Magistrate Court of DeKalb County (Case # 18D41601).

4.

On April 11, 2018, this Court entered an Order Vacating Dismissal Order (Docket No. 51) and the

bankruptcy case was reopened.

5.

On April 13, 2018 Movant filed a Motion for Relief (Docket No. 53) to proceed with the dispossessory action. A hearing date of May 8, 2018 was scheduled for the Motion for Relief.

6.

On May 4, 2018, the Debtors filed an Urgent Motion for Request of Continuance (Docket No. 60).

7.

At the hearing on May 8, 2018 the Debtors failed to provide a credible defense to the relief being requested.  The Debtors also requested a continuance and Robert Sparra stated that he was in the process engaging a bankruptcy attorney.  He further argued that should the stay be terminated, he was in jeopardy of being removed from the Real Property the very next day.

8.

This Court granted Movant's Motion for Relief as to the dispossessory action. The Court conditioned the termination of the automatic stay by preventing Movant from conducting the actual physical eviction any earlier than June 15, 2018 which was 5 weeks from the hearing date on Movant's Motion for Relief.

9.

On May 10, 2018 this Court entered an Order terminating the stay (Docket No. 61).

10.

The Magistrate Court of DeKalb County scheduled a hearing for June 5, 2018 regarding the dispossessory action.

11.

On May 30, 2018 and with full knowledge of the June 5, 2018 Magistrate Court hearing date, the Debtors filed their First Amendment to His Verified Motion for Sanctions for Willful Violation of the Automatic Stay ("Amended Motion for Sanctions") (Docket No. 67).

12.

On May 31, 2018, 2018 the Debtors filed a Motion to Set Hearing (Expedited) asking that the Court consider its Amended Motion for Sanctions due to the impending "June, 6, 2018" hearing date. (The Magistrate Court hearing was actually scheduled for "June 5", 2018.)

13.

The Amended Motion for Sanctions alleged that the Movant had violated the automatic stay by filing the dispossessory action while the automatic stay was in place. It was further alleged that the foreclosure advertisement was published in the newspaper after actual foreclosure date of January 2, 2018.

14.

These allegations were proven to be blatantly false by the responses (Docket Nos. 70 and 71) filed by Select Portfolio Servicing, Inc. and Movant.

15.

On June 1, 2018 (Docket No. 69) this Court scheduled a hearing for June 4, 2018 on the Debtors' Amended Motion for Sanctions.

16.

On June 3, 2018, the Debtors withdrew their Amended Motion for Sanctions. Even a cursory investigation by the Debtors or their counsel would have easily determined that the dispossessory was not filed while the bankruptcy case was pending and that the foreclosure advertisement had run the appropriate number of weeks. This is bolstered by the fact that the Debtor's current motions contain no such false allegations.

17.

On June 5, 2018 the Magistrate Court of DeKalb County held a hearing in the dispossessory matter. The Debtor, Robert Sparra, appeared pro se at the hearing and argued that his bankruptcy attorney was in the process of overturning the foreclosure by the filing of an adversary complaint.

18.

The Magistrate Court rescheduled the hearing for June 19, 2018.  The Magistrate Court stated that on June 19, 2018 the Court would grant Movant's request for a writ *instanter* unless the Debtor obtained an appropriate order otherwise preventing the issuance of the writ.

19.

On June 8, 2018, the Debtors filed a Motion for Sanctions (Docket No. 76) alleging that Movant had violated the Order terminating the stay (Docket No. 61).

20.

On June 8, 2018, the Debtors filed Adversary Proceeding (Case No. 18-051220) seeking, among other things, a temporary restraining order as to Victor Warren Properties, Inc.

21.

The Magistrate Court of DeKalb County has scheduled a hearing for June 19, 2018.

22.

Given the nature and allegations in the Debtors' most recent Motions for Sanctions and the relief being requested in the Adversary Proceeding (Case No. 18-051220), Movant seeks a hearing on an expedited basis from this Court to confirm that there is no bankruptcy impediment to the Movant

proceeding with its scheduled hearing in the Magistrate Court and an actual eviction taking no earlier than June 15, 2018.

**WHEREFORE**, the Movant prays that this Court schedule an expedited or emergency hearing.

RESPECTFULLY SUBMITTED this 11th day of June, 2018.

            /s/ David C. Whitridge_____
            **DAVID C. WHITRIDGE**
            Georgia State Bar No. 754793

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia  30092
(770) 925-0111 – Telephone
(770) 925-8597 – Facsimile
dwhitridge@tokn.com
Attorneys for Victor Warren Properties, Inc.

## **CERTIFICATE OF SERVICE**

      This is to certify that on June 11, 2018 I served the foregoing MOTION TO EXPEDITE HEARING upon Robert Paul Sparra, Jr., 3606 Inman Drive, Atlanta, Georgia 30319; Kelly Elizabeth Sparra, 3606 Inman Drive, Atlanta, Georgia 30319; and M. Denise Dotson, Chapter 7 Trustee, M. Denise Dotson, LLC, P.O. Box 435, Avondale Estates, Georgia 30003 and Bob J. Phillips, B. Phillips & Associates PC, 327 Dahlonega Street, Suite 304, Cumming, GA 30040 with a copy of same in an envelope with adequate postage affixed thereon to insure delivery by United States Mail.

      /s/ David C. Whitridge
      **DAVID C. WHITRIDGE**
      Georgia State Bar No. 754793

For the firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia  30092
(770) 925-0111 – Telephone
(770) 925-8597 – Facsimile
dwhitridge@tokn.com
Attorneys for Victor Warren Properties, Inc.

**EXHIBIT A**

Return to:
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300
File No.: SPS-11-14244

Cross reference to Deed Book 13440.
Page 1, DeKalb County, GA Records.

2018044585    DEED BOOK 26770 Pg 628
Filed and Recorded:
2/27/2018 3:21:17 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia
Real Estate Transfer Tax $0.00

STATE OF UTAH            )
COUNTY OF SALT LAKE      )

DEED UNDER POWER

THIS INDENTURE, effective this January 2, 2018, between ROBERT P. SPARRA, JR. ("Borrower(s)"), acting through the duly appointed agent and attorney-in-fact, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE THORNBURG MORTGAGE SECURITIES TRUST 2002-3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-3 ("Grantor"), as party of the first part, and VICTOR WARREN PROPERTIES, INC., ("Grantee") as party of the second part.

WITNESSETH:

WHEREAS, Borrower(s) executed and delivered to THORNBURG MORTGAGE HOME LOANS, INC a certain Deed to Secure Debt (the "Deed") dated June 26, 2002 and recorded in Deed Book 13440, Page 1, DeKalb County, Georgia Records; as last transferred to Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through Certificates, Series 2002-3, by Assignment, recorded in Deed Book 22841, Page 396, DeKalb County, Georgia Records, conveying the after-described property to secure the payment of a Promissory Note (the "Note") of even date therewith, in the original principal amount of $312,700.00; and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said default, Grantor elected, pursuant to the terms of the Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of the Deed, Grantor did advertise the herein described property for sale once a week for at least four (4) consecutive weeks immediately preceding the sale in the newspaper in DeKalb County, Georgia, wherein the Sheriff carries his advertisement, namely The Champion Newspaper; and

WHEREAS, notice was given in compliance with O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of the newspaper wherein the property was advertised for sale, to the Borrower(s) and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of January 2, 2018; and

WHEREAS, Grantor did expose said property for sale to the highest bidder for cash on the first Tuesday in January, 2018, within the legal hours of sale at the usual place for conducting Sheriff's sales in DeKalb County and offered said property for sale and public outcry to the highest bidder for cash when and where Grantee, the party of the second part, bid $399,150.00; and

WHEREAS, said property was auctioned off to Grantee, the party of the second part, for the aforementioned sum of money in cash

- DEED BOOK 26770 Pg 629

Dekalb and state of Georgia and being described in a deed dated September 16, 1999, and recorded October 6, 1999, among the land records of the county and state set forth above and referenced as follows: Book 10983 and Page 165. All that tract or parcel of land lying and being in Land Lot 276 of the 18th District of Dekalb County, Georgia, being Lot 19, Block 9 of Oglethorpe Estate Subdivision, Unit 4-B, as per plat recorded in Plat Book 26, Page 19, Dekalb County records, and being more particularly described as follows: beginning at an iron pin on the northeast right of way line of Inman Drive, 535 feet southeasterly, northeasterly, northerly and northwesterly, as measured along the southwesterly, southeasterly, easterly and northeasterly right of way line of Inman Drive, and following the curvature thereof, form the point of intersection of the southwesterly right of way line of Inman Drive and the easterly right of way line of Woodrow Way, if said street lines were extended to form an angle instead of a curve, said point of beginning also being located at the westernmost corner of lot 18 of said block, unit and subdivision; thence running in a northwesterly, northerly and northeasterly direction along the northeasterly, easterly and southeasterly right of way line of Inman Drive and following the curvature thereof, 250 feet to an iron pin; thence running in a southeasterly direction along the southwestern line of lot 20 of said block, unit and subdivision, 167.2 feet to an iron pin; thence running in a southwesterly direction along the northwestern line of lot 18 of said block, unit and subdivision, 149.7 feet to an iron pin on the northeast right of way line of Inman Drive, which point is the point of beginning. Tax ID # 18-276-19-035

TOGETHER WITH all rights, members, and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the party of the first part, or said party's representatives, heirs, successors, and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto said party of the second part, and said party's representatives, heirs, successors, and assigns, to its own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said party of the first part or said party's representatives, heirs, successors and assigns, did hold and enjoy the same.

DEED BOOK 26770 Pg 630

IN WITNESS WHEREOF, Grantor, as agent and attorney-in-fact for Borrower(s) has hereunto affixed Grantor's hand and seal on this, to be effective as of the date first above-written.

**CORPORATE SEAL:**

ROBERT P. SPARRA, JR., acting through the duly appointed attorney-in-fact,

**Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through Certificates, Series 2002-3,**

by Select Portfolio Servicing, Inc., as attorney-in-fact

By: _Tamelia Cattaneo_ (signature)

Name: Tamelia Cattaneo

Title: Document Control Officer

Select Portfolio Servicing, Inc.

Date: 2/23/18

Signed, Sealed, and Delivered in the Presence of:

Witness: _(signature)_

Cristina Diaz de Leon
Printed Name
Date: 2/23/18

**Notary Witness:**

STATE OF UTAH            )
COUNTY OF SALT LAKE      )       *Personally Known

Subscribed and sworn to before me on this 23 day of February, in the year 2018 by Tamelia Cattaneo ☆, a Document Control Officer of Select Portfolio Servicing, Inc., proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument. Witness my hand and official seal.

_(signature)_
Notary Public       Shalea Dalebout

SHALEA DALEBOUT
Notary Public State of Utah
My Commission Expires on:
January 22, 2019
Comm. Number: 681254