

**IT IS ORDERED as set forth below:**

**Date: July 13, 2018**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NUMBER |
| | : | |
| **KELLY E. SPARRA and** | : | |
| **ROBERT P. SPARRA,** | : | 17-72318-JRS |
| | : | |
| Debtors. | : | CHAPTER 7 |
| | : | |

### ORDER DENYING MOTION FOR RECONSIDERATION

This mater comes before the Court on Kelly and Robert Sparra's ("Debtors") *Motion for Reconsideration of Order Regarding Whether Co-Debtor Was Subject to the Automatic Stay* (the "Motion") [Doc. 84]. For the following reasons the Motion is DENIED.

### STANDARD OF REVIEW

Motions for reconsideration are governed by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9023[1]. Motions for reconsideration have the narrow

---

[1] Rule 9023 incorporates and makes applicable Rule 59 of the Federal Rules of Civil Procedure. See Fed. R. Bankr. P. 9023; Fed. R. Civ. P. 59.

purpose of correcting manifest errors of law or fact.  In re Siskey Hauling Co., Inc., 459 B.R.

483, 485 (Bankr. N.D. Ga. 2011)(Diehl, J.)(citing In re Ionosphere Clubs, Inc., 103 B.R. 501,

503 (Bankr. S.D.N.Y. 1989)).  As a result, "[r]econsideration is only absolutely necessary where

there is: (1) newly discovered evidence; (2) an intervening development or change in controlling

law; or (3) a need to correct a clear error of law or fact."  In re Saint-Felix, No. AP 15-5011,

2015 WL 6688069, at *1 (Bankr. N.D. Ga. Sept. 24, 2015)(Diehl, J.)(quoting Bryan v. Murphy,

246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003)).  Ultimately, however, motions for reconsideration

are entirely within the discretion of the bankruptcy court to grant or deny.  In re Leviner, No.

A09-87983-PWB, 2010 WL 2025764, at *1 (Bankr. N.D. Ga. Jan. 20, 2010)(Bonapfel, J.).

## DISCUSSION

The Motion puts forward two cases that this Court was cognizant of, and had previously

considered, prior to making its original ruling.  The first of these is In re Cox, No. 13-70818-

WLH, 2015 WL 1933482 (Bankr. N.D. Ga. Apr. 16, 2015)(Hagenau, J.), which the Motion

presents for the proposition that a "mere possessory interest in real property . . . is sufficient to

trigger the protection of the automatic stay."  Id. at *2.  Referencing this quote, the Motion asks

why a leasing tenant – like the Cox debtor – would have greater property rights than a co-debtor

spouse.  This is a misstatement of the issue.

Rather, the true question is whether a co-debtor spouse has an interest in the marital home

where the co-debtor spouse was never a named owner of the marital home.  Bankruptcy courts

across the nation have looked to state law to determine whether spouses have an interest in the

marital home.  In so doing, many courts discovered that state law did not create an interest in

marital property until after a divorce is finalized.  See In re James, 496 B.R. 590, 594 (Bankr.

W.D. Ark. 2013)("[A spouse must have] an actual property interest [in marital property] and not

2

a theoretical or potential interest."); In re Toland, 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006)(noting that Ohio law preserves the separate property interests of each spouse until divorce); In re Horstman, 276 B.R. 80, 83 (Bankr. E.D.N.C. 2002)([North Carolina law defines 'marital property'] only for the limited purpose of specifying how courts are to distribute that property upon divorce."); In re Thorpe, 251 B.R. 723, 725 (Bankr. W.D. Mo. 2000)(deciding that a possible classification of property as "marital property" is insufficient to create an interest cognizable in bankruptcy).  Georgia law, similarly, does not grant a spouse any interest in marital property until divorce.  In re Evans, 449 B.R. 827, 830 (Bankr. N.D. Ga. 2010)(Drake, J.); O.C.G.A. § 19-3-9.[2]  In view of Georgia law, and the fact that Debtors are not divorced, it cannot be properly argued that Kelly Sparra has any protectable interest in her marital home.

The second case the Motion presents is In re Palmieri, 31 B.R. 111 (Bankr. N.D. Ga. 1983)(Drake, J.), which is put forward to argue that a tenancy in common is created wherever there is simultaneous possession of a property.  Id. at 112.  Succinctly stated, the facts of Palmieri are distinguishable from the facts dealt with in the instant case.  Palmieri concerned the shared interest in property between spouses whose names both appeared on the deed to the property.  Id.  Those facts are readily distinguishable from the facts of this case, where only Robert Sparra's name appeared on both the financing documents and deed.[3]

Notably absent from the Motion is any discussion of Matter of Nicholson, No. 16-40668-

---

[2] The separate property of each spouse shall remain the separate property of that spouse, except as provided in Chapters 5 and 6 of this title and except as otherwise provided by law.

O.C.G.A. § 19-3-9.

[3] The Palmieri decision relies heavily on O.C.G.A. § 44-6-120 to support the finding of tenancy in common.  Importantly, O.C.G.A. § 44-6-120 contains the caveat of "unless the document or instrument provides otherwise" a tenancy in common is created.  Here, the financing documents, deed, and all other instruments display only Robert Sparra's name, and thus they "provide otherwise," making §44-6-120 inapposite.  O.C.G.A. § 44-6-120.

EJC, 2017 WL 991698 (Bankr. S.D. Ga. Mar. 10, 2017)(Coleman, J.), which the Court views as particularly relevant, and which the Court summarized at the hearing before making its original ruling.  Nicholson pertained to a similar fact pattern in which the husband was the sole owner of the marital home and where the wife claimed a violation of the stay in the creditor's post-petition foreclosure of the home.  There, the Nicholson court concluded that the wife had no interest in the home that the automatic stay could protect.  Matter of Nicholson, 2017 WL 991698 at *3. The Motion does not attempt to distinguish, argue against, or interpret the holding in Nicholson. Consequently, this Court continues to be persuaded by Nicholson, and cannot see any manifest error in law in being so persuaded.

## CONCLUSION

The Motion does not present the Court with any newly discovered evidence, developments in law, or obvious errors of law or fact.

Accordingly, it is hereby **ORDERED** that the Motion is **DENIED**.

The Clerk is directed to serve a copy of this Order on Debtors, Debtors' counsel, the Chapter 7 trustee, counsel for Select Portfolio Servicing, Inc., the United States Trustee and all other parties who have requested notice in this case.

**[END OF DOCUMENT]**